LARRY BLACKWELL, Petitioner, v. COMMISSIONER OF INTERNAL REVENUE; TORRENCE OWENS, Petitioner, v. COMMISSIONER OF INTERNAL REVENUE
Blackwell v. Commissioner
Docket Nos. 36235-86; 36236-86.
United States Tax Court
T.C. Memo 1988-87; 1988 Tax Ct. Memo LEXIS 107; 55 T.C.M. (CCH) 286; T.C.M. (RIA) 88087; February 29, 1988. Joseph L. Gibson, Jr., for the petitioners. Ruud Duval, for the respondent. WILLIAMS
MEMORANDUM FINDINGS OF FACT AND OPINION WILLIAMS, Judge: The Commissioner determined a deficiency in petitioner Larry Blackwell's 1985 Federal income tax as follows: Additions to Tax
Deficiency
§ 6653(b)(1) [1]
§ 6653(b)(2)
$ 9,046,754.00
$ 4,523,377.00
*
Respondent also determined a deficiency in petitioner Torrence Owens' 1985 Federal income tax as follows: Additions to Tax
Deficiency
§ 6653(b)(1)
§ 6653(b)(2)
$ 9,041,326.00
$ 4,520,663.00
*
*108 Respondent conceded the additions to tax for fraud at trial. Petitioners conceded additions to tax for negligence pursuant to section 6653(a) and for late filing pursuant to section 6651(a). At the time of the filing of these petitioners, petitioner Owens was a resident of Ray Brook Federal Correctional Institute, Ray Brook, New York, and petitioner Black was a resident of El Reno Federal Correctional Institution, El Reno, Oklahoma. These cases were set for trial in Washington, D.C., for November 16, 1987. Petitioners moved to continue their cases asserting that (1) they had no funds to pay for their transportation to court, (2) their testimony was essential to their cases and (3) they would be present in the District of Columbia for an unrelated legal proceeding scheduled for the end of January. By order dated November 16, 1987, we granted a continuance of the cases and set the trial for February 16, 1988. On January 28, 1988, petitioners filed another Motion for Continuance with this Court which we denied. At the trial on February 16, 1988, petitioners then moved this Court to reconsider the denial arguing that *109 the District of Columbia proceeding had been postponed and that this Court should permit a similar postponement. We denied petitioners' motion for reconsideration of our denial of their motion to continue because petitioners could not demonstrate that they had made an effort to advance their cases toward trial. Petitioners have not given their counsel any information that he could use to prepare for trial. Petitioners failed to identify witnesses or documents that could corroborate testimony. As discussed below, petitioners have also failed to respond to discovery requests. We conclude that petitioners lack an interest in advancing this case to trial. On December 7, 1987, respondent served on petitioners a Request for Admissions to which petitioners failed to timely respond. Pursuant to Rule 90(c), Tax Court Rules of Practice and Procedure, these requested admissions were, therefore, deemed to be admitted. Petitioners did not move to have the deemed admissions set aside, but it does not appear to the Court that any grounds exist to support such a motion. The deemed admissions conclusively establish for purposes of this case that petitioners sold narcotics in 1985 and in *110 prior years and were arrested for this activity. At the time of their arrest, narcotics in excess of $ 2,000,000.00 (street value) were confiscated from an apartment rented on behalf of petitioners. Petitioners did not file returns for 1982 through 1985 and accordingly did not report any income from their narcotics sales. Petitioners did not have legal employment during those years but both had expensive homes and maintained luxurious lifestyles. Respondent's determination of a deficiency is presumptively correct. Thus, petitioners bear the burden of proving that respondent's determination is erroneous. Welch v. Helvering,290 U.S. 111 (1933); Rule 142(a), Tax Court Rules of Practice and Procedure.
Petitioners have not presented any evidence to support their contention that respondent's deficiency determination is erroneous. Therefore, we hold that respondent's deficiency determinations for petitioners' 1985 Federal income tax are correct. Decisions will be entered under Rule 155.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect during the years in issue, unless otherwise indicated.↩
*. 50 percent of the interest due on the underpayment. ↩
*. 50 percent of the interest due on the underpayment. ↩